FILED
United States Court of Appeals
Tenth Circuit

October 22, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARKESHA MONIQUE CHASE,

Plaintiff-Appellant,

v.

CHRIS L. DIVINE; JERRY D. HILLBURN,

Defendants-Appellees,
and

JERRY MCGREGER; TERI KING; GREG PALMER; ALBERTSONS; C T CORPORATION,

Defendants.

No. 13-5081

(N.D. Oklahoma)

(D.C. No. 4:13-CV-00219-JED-TLW)

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Ms. Markesha Chase sued, seeking documentation and review of her

payroll compensation into an investment fund during her employment at a

grocery in the mid- to late-1990s. The district court granted the Defendants'

motion to dismiss for failure to state a valid claim, holding that the claims were

---

[*] This order and judgment does not constitute precedent. *See* 10th Cir. R. 32.1(A).

time-barred and that any amendment would be futile.  Ms. Chase appeals these rulings, and we affirm.

Ms. Chase's Pleadings and the District Court Proceedings

The Plaintiff names three store managers and the corporate owner as defendants and makes the following factual allegations:

> There was a transfer of hours worked by me into an account that currently needs to be review, based on hours achieved and work I should be full compensated.  I worked during the years of 1995 of the month of November and all of 1997 through December and again in of 1998 and 1999.
>
> . . . .
>
> Jerry Hillburn was helping me to make a legit transfer along with Chris L. Divine into my legal social security account on the grounds of working under a school honor mention under employee identification number [] and [] these services were honor under penalty code and service I conduct myself in a well manor.

Based on these allegations, she requests the following relief:

> To receive full compensation as time service on eligibility to retain work history and hedge fund

The complaint does not identify any legal basis for this relief.

After the Defendants filed their motion to dismiss, Ms. Chase filed a so-called motion "to proceed," which the district court construed as a motion for a hearing.  There Ms. Chase states that while she worked at the grocery, it allowed employees to invest in a fund through payroll deductions.  She notes that she has

2

not received requested documentation related to those investments and argues that she is protected under the Fair Labor Standards Act of 1938, 29 U.S.C. § 206.

The district court held a hearing on the Defendants' motion to dismiss. At that hearing, Ms. Chase clarified that she had worked at a grocery in Tulsa between 1995 and 1999 and that her complaint is based on a transfer of hours while she was employed there. Ms. Chase advised the court that the underlying misconduct ended in 1999.

The claims were dismissed with prejudice for failure to state a valid claim. *See* Fed. R. Civ. P. 12(b)(6). In ordering dismissal with prejudice, the court concluded that Ms. Chase's complaint did not state a cognizable claim for relief and that amendment would be futile because the limitations period had expired on the claims under the Fair Labor Standards Act, 29 U.S.C. § 255.

<u>Ms. Chase's Arguments on Appeal</u>

On appeal, Ms. Chase argues that the district court erred by failing to correctly apply "worker conservatoral law" or to conduct a trial. We reject these arguments.

We engage in de novo review over the dismissal; and, in considering whether the dismissal should have been with prejudice, we review the ruling only for an abuse of discretion. *See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (reviewing dismissal under Rule 12(b)(6) de

3

novo); *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997) (reviewing a dismissal with prejudice for an abuse of discretion).

When considering a motion to dismiss under Rule 12(b)(6), the district court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Ms. Chase proceeds pro se, we liberally construe her pleadings, as the district court did. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But this relaxed pleading standard does not excuse a plaintiff from complying with the pleading requirements of *Iqbal*,[1] and the district court cannot become an advocate by constructing arguments on behalf of the plaintiff.[2]

---

[1] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury").

[2] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

4

When we confine ourselves to the allegations in the complaint, we conclude that they do not state a plausible claim. Though the Plaintiff points to "worker conservatoral law," she does not say what that is and we cannot ascertain any legal error. We conclude that the district court correctly dismissed Ms. Chase's complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

We also agree with the district court's conclusion that Ms. Chase's claims under the Fair Labor Standards Act are time-barred. Under 29 U.S.C. § 255(a), claims accruing under the Act have a two- or three-year period of limitations. Ms. Chase told the district court that her claims ended in 1999, and she did not sue until April 2013, over a decade after the three-year limitations period would have run.

Because the claims are time-barred, we conclude that amendment would be futile. If a complaint fails to state a claim and amendment would be futile, dismissal with prejudice is appropriate. *Grossman v. Novell*, 120 F.3d 1112, 1126 (10th Cir. 1997). Therefore, we affirm the dismissal with prejudice.

Entered for the Court


Robert E. Bacharach
Circuit Judge

5